UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/07/2023
```

-------------------------------------------------------------------X
                             :

TARIQ WILLIAMS,                 :
                             :
              Plaintiff,   :
                             :              21-cv-8725 (LJL)
      -v-                :
                             :       MEMORANDUM AND
SAMEK TRUCKING, MICHAEL SAMEK and ERIC  :          ORDER
YOUNG,                      :
                             :
             Defendant.   :
                             :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Plaintiff Tariq Williams ("Plaintiff") brings claims against Samek Trucking, Michael

Samek ("Mr. Samek"), and Eric Young ("Mr. Young" and, together with Samek Trucking and

Mr. Samek, the "Defendants") for damages arising from a motor vehicle accident that occurred

on February 20, 2020.  Dkt. No. 1.  Defendants move, pursuant to Federal Rule of Civil

Procedure 56, for an order granting summary judgment and dismissing Plaintiff's complaint on

the grounds that Defendants are not liable for the happening of the subject accident.  Dkt. No. 15.

        For the following reasons, Defendants' motion for summary judgment is denied.

## BACKGROUND

        The following facts are drawn from the parties' statements of material facts submitted

pursuant to Local Rule 56.1 and the materials submitted in connection with the motion.  Dkt.

Nos. 16, 20, 24.  The facts are undisputed unless otherwise indicated.  The record is construed in

favor of the nonmoving party.

        On February 20, 2020, Plaintiff Tariq Williams was driving a 2014 Toyota Camry on 95

North, Cross Bronx Expressway/87 Major Deegan, at or near the exit for Yankee Stadium.  Dkt.

No. 16 ¶¶ 1, 3; Dkt. No. 20 ¶¶ 1, 3.  At the same time, Mr. Young was driving an 18-wheel 2011 Freightliner tractor-trailer owned by Mr. Samek.  Dkt. No. 16 ¶ 4; Dkt. No. 20 ¶ 4.  A car accident occurred, causing Plaintiff's car to suffer an impact to the rear of the vehicle.  Dkt. No. 16 ¶ 6; Dkt. No. 20 ¶ 6.  Plaintiff alleges in his complaint, but Defendants deny, that the Defendants' vehicle struck the Plaintiff's vehicle in the rear, and that Defendants were negligent with regard to the ownership and operation of their vehicle.  Dkt. No. 16 ¶ 2; Dkt. No. 20 ¶ 2.

Plaintiff and Mr. Young offered diverging versions of the events at issue in their respective deposition testimony.  Plaintiff testified that at the time of the accident, he was travelling in the second-from-the-right lane of a two-lane road that was to converge into another two lanes to make a four-lane road.  Dkt. No 18-5 at 67.  According to Plaintiff, the accident occurred shortly after the lanes of the road on which he was traveling converged with two lanes of a different roadway to their left, creating a four-lane road; put differently, Plaintiff had been travelling in the left lane of a two-lane road before the road converged with a two-lane roadway on its left.  *Id.* at 66.  Plaintiff testified that he had been travelling in that same lane for several minutes prior to the accident, and that he did not attempt to merge left into a new lane in the moments before the accident.  *Id.* at 75.  According to Plaintiff, Mr. Young's vehicle was travelling faster than his, *id.* at 80, causing Mr. Young's vehicle to make "[e]xtremely heavy" contact with the "rear" of his vehicle, *id.* at 82, and then "scrape[] past" his vehicle, *id.* at 92. Plaintiff testified that as a result of the impact, his car was propelled forward but did not come into contact with any other vehicles.  *Id.* at 83.  Plaintiff asserted that his vehicle sustained damage on the driver's side rear door because Mr. Young's vehicle "scraped [it] on the side as he pulled away . . . ."  *Id.* at 91.  Although Plaintiff could not recall what lane Mr. Young's vehicle

was travelling in, the thrust of Plaintiff's version of events is that "[Mr. Young] hit [Plaintiff] from the back and scraped away from [Plaintiff]." *Id.* at 94.

Mr. Young, however, offered a different version of events in his own deposition testimony. According to Mr. Young, the damage to Plaintiff's vehicle occurred when Plaintiff side-swiped his truck. Similar to Plaintiff, Mr. Young testified that the accident occurred shortly after the two roadways converged, although Mr. Young testified that the road where the accident occurred contained five lanes. Dkt. No. 18-8 at 17. Mr. Young testified that at the time of the accident "traffic was at a dead stop pretty much" and that his vehicle was travelling either at "zero" miles per hour or was "crawl[ing] an inch or two." *Id.* at 28. According to Mr. Young, his vehicle was "sitting still" when he "heard a horn honk" and then "felt the car dragging across the front of the truck . . . ." *Id.* Mr. Young also testified that he "heard the noise of the car scraping down the front of the truck." *Id.* To summarize, Mr. Young's version of events is that he was "stuck in traffic and gridlock, and the car c[a]me up [his] right side and tried to cut in front of [him], but [the car] was in [his] blind spot" before it "dragged . . . across the front bumper of the truck." *Id.* at 31.

## PROCEDURAL HISTORY

Plaintiff filed his complaint in this action in the New York State Supreme Court, County of New York, on September 27, 2021. Dkt. No. 1. Plaintiff alleged that on February 20, 2020, as he was driving on 95 North at or near the exit for Yankee Stadium, his vehicle was struck in the rear by a vehicle that was owned by Samek Trucking or Mr. Samek and leased by Samek Trucking or Mr. Samek, but was operated at the time of the accident by Mr. Young. Dkt. No. 1-1 ¶¶ 8–23. Plaintiff asserted that "Defendants were negligent with regard to the ownership and operation of their aforementioned vehicle," and that because of that negligence, "Plaintiff sustained a serious injury and/or economic loss." *Id.* ¶ 25.

3

The action was removed to this Court on October 25, 2021, on the basis of diversity jurisdiction.  Dkt. No. 1.  The Court held an initial pretrial conference on August 15, 2022, at which Plaintiff represented that he did not dispute removal and confirmed that he was seeking more than $75,000 in damages.  Dkt. No. 8.

Defendants moved for summary judgment on September 6, 2023.  Dkt. No. 15.  On the same day, Defendants filed a Rule 56.1 Statement, Dkt. No. 16, and a memorandum of law and declaration in support of the motion for summary judgment, Dkt. Nos. 17–18.  On September 13, 2023, Plaintiff filed his response to Defendants' 56.1 Statement, Dkt. No. 20, along with a memorandum of law and declaration in opposition to Defendants' motion for summary judgment.  Dkt. Nos. 19, 21.  Defendants filed a reply memorandum of law in support of the motion for summary judgment on September 18, 2023.  Dkt. No. 22.  On September 26, 2023, Defendants also filed an additional declaration and memorandum of law in support of their motion, along with a reply to Plaintiff's responsive 56.1 statement.  Dkt. Nos. 23–25.[1]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] Though the Court refuses to hold that Rule 56.1 replies are categorically impermissible, *see Cap. Recs., LLC v. Vimeo, LLC*, 2018 WL 4659475, at *1 (S.D.N.Y. Sept. 7, 2018) ("Local Civil Rule 56.1 does not provide for a 'reply' in further support of a Rule 56.1 statement of undisputed facts . . . [but] the Rule does not prohibit such replies."), the Court notes that Defendants did not seek leave to submit such a reply and did not give the Court an opportunity to fashion a fair process for the submission of such a reply, for example by giving Plaintiff the ability to respond, *see, e.g.*, *id.* (permitting the plaintiffs to submit a Rule 56.1 reply but noting that "[t]he Court is sympathetic . . . to [the d]efendants' concerns about the potential unfairness of doing so" and permitting the defendants "to submit either a reply in further support of their own Rule 56.1 statement or a sur-reply to [the p]laintiffs' reply").

242, 248 (1986).  And "[a]n issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009).[2]

The party seeking summary judgment bears the burden of demonstrating that "there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  If the movant meets its burden, "the nonmoving party must come forward with admissible evidence to raise a genuine issue of fact for trial in order to avoid summary judgment."  *Jaramillo v. Weyerhaeusert Co.*, 537 F.3d 140, 145 (2d Cir. 2008).  To survive summary judgment, the nonmoving party "may not rely on mere speculation or conjecture as to the true nature of the facts," *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted), and must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, (1986).  The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible."  *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).  But if "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," summary judgment must be denied.  *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9 (2d Cir. 1983).

Local Civil Rule 56.1 of the Southern District of New York sets forth specific requirements about how the facts relied upon by the moving party and disputed by the opposing party are to be presented.  Any party moving for summary judgment must "annex[] to the notice

---

[2] Defendants cite cases applying the New York State standard for summary judgment.  However, "a federal court considering whether as a procedural matter an issue should be determined by a jury or whether instead there is a genuine issue of material fact must apply federal law and not state law."  *Lewis v. Lendlease (US) Constr. Lmb Inc.*, 2022 WL 343746, at *3 (S.D.N.Y. Feb. 4, 2022) (citing *La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020)).

of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1(a). Local Rule 56.1(b), in turn, requires the party opposing the motion to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." L.R. 56.1(b). All statements in a Local Rule 56.1 submission "must be followed by citation to evidence which would be admissible." L.R. 56.1(d). "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." L.R. 56.1(c). In accordance with Local Rule 56.1, "the movant's statements are deemed to be admitted where [the non-moving party] has failed to specifically controvert them with citations to the record." *Rhee v. SHVMS, LLC*, 2023 WL 3319532, at *4 (S.D.N.Y. May 8, 2023) (citation and quotation marks omitted).

"Under New York law, negligence is the failure to exercise reasonable care under the circumstances." *Allison v. Rite Aid Corp.*, 812 F. Supp. 2d 565, 568 (S.D.N.Y. 2011) (citing *Beadleston v. Am. Tissue Corp.*, 41 A.D.3d 1074, 1076 (3d Dep't 2007)). To prove that Defendants' negligence caused the vehicle accident at issue, Plaintiff "must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." *Becker v. Schwartz*, 46 N.Y.2d 401, 410 (1978). Under New York law, "it is the duty of . . . drivers to operate their automobiles with reasonable care, taking into account the actual and potential dangers existing from weather, road, traffic and other

conditions." *Peralta v. Quintero*, 20 F. Supp. 3d 462, 464 (S.D.N.Y. 2014).  "There can be more than one proximate cause of an accident, and liability can be apportioned among parties based on New York's comparative negligence rubric." *Reyes v. United States*, 2021 WL 1639370, at *3 (S.D.N.Y. Apr. 26, 2021) (citing *Matter of Buchanan Marine, L.P.*, 874 F.3d 356, 369 (2d Cir. 2017); *Custodi v. Town of Amherst*, 20 N.Y.3d 83, 87 (2012)).  Additionally, a "failure to obey the Vehicle and Traffic Law constitutes negligence *per se*." *Peralta*, 20 F. Supp. 3d at 464–65 (citing *Barbieri v. Vokoun*, 72 A.D.3d 853, 856 (2d Dep't 2010)), *adhered to as amended*, 2015 WL 362917 (S.D.N.Y. Jan. 26, 2015), *aff'd*, 669 F. App'x 64 (2d Cir. 2016).

"Due to their fact-dependent nature, personal injury claims based on negligence must usually be resolved by the fact-finder." *Duncalf v. Swamsington*, 2007 WL 238968, at *2 (S.D.N.Y. Aug. 21, 2007).  "Sharp conflicts of evidence . . . regarding the circumstances of a vehicle collision present questions of fact and credibility that properly belong to the jury." *Mangual v. Pleas*, 2004 WL 736817, at *3 (S.D.N.Y. Apr. 6, 2004).  "Only where negligence and causation are clear, should proximate cause be determined at the summary judgment stage." *Hidalgo v. Winding Road Leasing Corp.*, 2013 WL 1934073, at *4 (E.D.N.Y. May 9, 2013).  Even so, "[w]hile negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where . . . the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party." *Id.* (quoting *Spence v. Lake Serv. Station, Inc.*, 788 N.Y.S.2d 337, 339 (1st Dep't 2004)).  Put differently, "a defendant may obtain summary judgment by demonstrating the plaintiff's conduct was the sole proximate cause of the accident and an absence of evidence on the defendant's negligence." *Reyes*, 2021 WL 1639370, at *4; *see Gray v. Wackenhut Servs., Inc.*, 446 F. App'x 352, 354 (2d. Cir. 2011) (affirming grant of summary judgment where undisputed evidence demonstrated that

Plaintiff drove into a barrier); *Diassinos v. Oliveira Contracting, Inc.*, 2021 WL 4084656, at *8 (S.D.N.Y. Sept. 7, 2021).

## DISCUSSION

Defendants move for summary judgment on Plaintiff's claim.  Dkt. No. 15.  Defendants argue that Plaintiff's "account of the happening of the accident is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue."  Dkt. No. 17 at ECF p. 2. Defendants assert—based upon Mr. Young's deposition testimony—that prior to the accident, Mr. Young was driving in the right most lane after exiting the George Washington Bridge onto the Cross Bronx Expressway.  *Id.* at ECF p. 3.  According to Defendants, as Mr. Young approached the location of the accident at issue, two entrance ramp lanes appeared on his right. *Id.* at ECF pp. 3–4.  Mr. Young testified that he was either stopped or travelling at a very low speed when a vehicle travelling in the right most of the two merging lanes made contact with the front-right area of his bumper and dragged across the bumper, causing damage to the driver's side door, rear-quarter panel, and back bumper.  *Id.* at ECF p. 4.  Defendants argue that this testimony, along with the testimony of accident reconstructionist Robert Genna ("Genna"), controvert Plaintiff's account of the accident.  *Id.* at ECF pp. 4–5.  Defendant therefore argues that "it is apparent that plaintiff's unsafe lane change in violation of Vehicle and Traffic Law § 1128 was the sole proximate cause of the accident thereby entitling defendants to judgment as a matter of law."  *Id.* at ECF p. 2.

Plaintiff responds that "[t]he sole argument presented by defendants on this motion merely presents the quintessential issues of fact and credibility that should be resolved by a jury at a trial of this action."  Dkt. No. 21 at 2.  Plaintiff argues that the deposition testimony of Plaintiff and Mr. Young offering differing accounts of several key questions of fact, including the amount and flow of traffic at the time of the accident, whether either vehicle left their

respective lane at the time of the accident, and the severity of the impact. *Id.* at 2–3. Plaintiff further argues that the opinion testimony of Defendants' accident reconstructionist "is not factual and . . . should not be accepted, or considered, by this Court." *Id.* at 3. Plaintiff therefore argues that genuine issues of material fact still exist, and that as a result, summary judgment is not a proper mode of resolution for this case. *Id.* at 2.

Because there remain genuine disputes as to material facts in this case, Defendants are not entitled to judgment as a matter of law. The thrust of the dispute in this case is that while Plaintiff argues that the vehicle operated by Mr. Young initiated contact with Plaintiff's vehicle by rear-ending it, Defendants assert that Plaintiff initiated the contact by side-swiping the front of Mr. Young's vehicle while executing an unsafe lane change. The evidence submitted by Defendants in connection with this motion, however, does not establish that Defendants' version of events lies beyond dispute. In fact, Defendants do not dispute that the vehicle operated by Mr. Young made contact with Plaintiff's vehicle, and photographs show that as a result of that contact, Plaintiff's vehicle sustained significant damage both in its rear, leaving the rear bumper dangling, and along its side, leaving substantial dents and scrapes. Dkt. Nos. 18-7, 18-11. Almost all of the other factual circumstances regarding the accident are, however, "sharply disputed by the parties." *Son v. Lockwood*, 2008 WL 5111287, at *5 (S.D.N.Y. Nov. 26, 2008).

Conceding that conflicting testimony ordinarily precludes a grant of summary judgment in negligence cases, Defendants argue that Genna's report renders Plaintiff's version of events impossible as a matter of law. Dkt. No. 17 at ECF pp. 8–9. Genna's report, if admissible, is not sufficient to resolve all genuine disputes of material fact.[3] Genna's report serves primarily to

---

[3] Plaintiff argues that the report of Defendants' accident reconstructionist "is not admissible and should not be considered." Dkt. No. 21 at 11. Plaintiff asserts that the Defendants have failed to establish "that any and all scientific testimony or evidence admitted is not only relevant, but

lend support to Mr. Young's version of events, and does little to establish that Plaintiff's version of events is foreclosed.  Dkt. No. 18-10.  For example, the report states that, "[t]here is absolutely no evidence to indicate that the front of the tractor-trailer struck the rear of [Plaintiff's] Toyota Camry at a higher rate of speed that the Toyota, in the left lane of the entrance ramp."  *Id.* at 4.  It further asserts that "[t]he damages sustained by the Toyota are indicative of the vehicle's driver's side moving up against and making contact with areas on the passenger's side of the tractor-trailer's cab."  *Id.* at 5.  These passages highlight a lack of evidence corroborating Plaintiff's version of events, and the presence of evidence bolstering Defendants' version of events, but offer little in the way of affirmative evidence that forecloses Plaintiff's version or his testimony.  The report does not, for example, point to evidence such as the height of the scrape marks on Plaintiff's car relative to the height of the front bumper of Mr. Young's car, or the angle of the scrape marks, that could conclusively establish that Mr. Young's vehicle was stationary when the accident occurred.  Nor does Genna's report offer evidence that if Mr. Young's vehicle had been travelling at even one mile per hour, and regardless of the angle and location of impact with Plaintiff's vehicle, that Mr. Young's vehicle would have caused some form or extent of damage that does not appear on Plaintiff's vehicle.

In fact, the report itself suggests on only two occasions that Plaintiff's version of events is "eliminate[d]" as a "possibility."  *Id.*  Near its conclusion, the report states, "[t]he absence of damage to the rear of [Plaintiff's] Toyota and the front of Mr. Young's tractor-trailer suggests that there was never any contact between these areas of the vehicles *eliminates [sic] the*

---

reliable."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).  Because the Court finds that, even assuming the report is admissible, genuine disputes of material fact remain, the Court need not rule at this stage on the admissibility of the report.  The Court thus reserves its decision with respect to the admissibility of the report, and will entertain any motions with respect to the report at or before trial.

*possibility that the tractor-trailer rear-ended the Toyota.*"  *Id.* (emphasis added).  The conclusory statement that Plaintiff's version of events is "eliminated" is based on damage sustained by the driver's side of Plaintiff's vehicle, and an asserted absence of damage to the rear of Plaintiff's vehicle and the front of Mr. Young's vehicle.  But—setting aside the fact that Plaintiff's rear bumper was left dangling after the accident, calling into question what exactly Genna meant by the "absence of damage to the rear of [Plaintiff's] Toyota,"—Genna's report does not establish that Plaintiff's version of events necessarily requires visible evidence of damage on either the rear of Plaintiff's vehicle or the front of Mr. Young's.  It may be that the photographs, viewed in conjunction with the Genna's report, bear significant weight at trial on the relative credibility of the versions of events offered by Plaintiff and Mr. Young; they do not, however, establish as a matter of law that Plaintiff's version is impossible.  As a result, the material facts of how quickly each vehicle was travelling at the time of the accident, whether Plaintiff caused the accident by changing lanes, whether Defendant caused the accident by hitting Plaintiff's vehicle from behind, and more, remain subject to genuine dispute between the parties.

Further, Defendant's assertion that "plaintiff's unsafe lane change in violation of Vehicle and Traffic Law § 1128 was the sole proximate cause of the accident" also does not support a grant of summary judgment.  Dkt. No. 25 at ECF p. 2.  Plaintiff disputes Defendants' contention that he changed lanes at all in the lead-up to the accident, let alone that he did so in a manner that could be deemed unsafe and violative of traffic laws.  Dkt. No. 18-5 at 75.  It therefore is not undisputed that Plaintiff's violation of traffic law was the sole proximate cause of the accident. Drawing all reasonable inferences in favor of Plaintiff, a reasonable juror could find that he did not violate Vehicle and Traffic Law § 1128 and therefore was not negligent *per se*.  *See Diassinos*, 2021 WL 4084656, at *9.

The cases cited by Defendants to support a grant of summary judgment—all of them state cases—are distinguishable from the instant case, and are therefore not dispositive here.  In *Loughlin v. City of New York*, 186 A.D.2d 176 (2d Dep't 1992), the appellate court reversed the trial court's judgment as a matter of law after finding that plaintiff's testimony was a "physical impossibility" that was "unworthy of belief," in part because of "plaintiff's failure to claim that he had been struck until the date of filing of his notice of claim."  *Id.* at 177.  Here, however, the evidence fails to establish that Plaintiff's story is a physical impossibility, and there is copious contemporaneous evidence establishing that a vehicle accident of some sort between Mr. Young's vehicle and Plaintiff's vehicle caused damage to Plaintiff's vehicle.  *Carthen v. Sherman*, 169 A.D.3d 416 (1st Dep't 2019)—also a decision issued on appellate review— similarly contains several key differences from the facts at issue here.  Unlike this case, *Carthen* featured a plaintiff who ultimately conceded that she did not even see how the accident occurred, rendering her testimony about the cause of the accident incredible.  *Id.* at 417.  In *Castro v. Hatim*, 174 A.D.3d 464 (1st Dep't 2019), the court upheld the trial court's grant of summary judgment, finding that the plaintiff's own testimony established that she had violated her duty under Vehicle and Traffic Law § 1128 to refrain from entering a lane of moving traffic until it was safe to do so.  *Id.* at 464–65.  Here, Plaintiff disputes that he executed a lane change and his testimony therefore fails to establish a finding of negligence *per se*.  In *Price v. City of New York*, 172 A.D.3d 625 (1st Dep't 2019), a negligence case not involving a vehicle accident, the appeals court found plaintiff's testimony to be "impossible" because plaintiff claimed to have, from "below the level of the roof . . . see[n] someone standing on the roof 9 to 10 feet away."  *Id.* at 629.  Here, it was not physically impossible for Plaintiff to have seen Mr. Young's vehicle, as he claims to have prior to the accident.  In another negligence case cited by Defendants not

involving a vehicle accident, *Espinal v. Trezechahn 1065 Avenue of the Americas, LLC*, 94 A.D.3d 611 (1st Dep't 2012), the appellate court concluded that the plaintiff's claim that an elevator "continued moving up and down the elevator shaftway at twice its normal speed for approximately one hour" was "incredible as a matter of law" based upon "deposition testimony, witness affidavits and expert evidence." *Id.* at 612–13.  Here again, the record does not establish that Plaintiff's testimony "was mechanically impossible," as the court held in that case.  *Id.* at 613.  Finally, in *Walker v. Patrix Trucking NY Corp.*, 115 A.D.3d 943 (2d Dep't 2014), the appellate court upheld the trial court's grant of summary judgment in plaintiff's favor, finding that the defendants, who conceded that the driver of their vehicle had changed lanes prior to the accident, failed to adequately dispute plaintiff's contentions.  While the court in that case found that "defendants failed to raise a triable issue of fact as to whether the plaintiff was at fault in the happening of the accident," *id.* at 944, Plaintiff here has sufficiently done so—at least in part due to his denial that he changed lanes prior to the accident—rendering summary judgment inappropriate.

## CONCLUSION

Defendants' motion for summary judgment is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 15.


SO ORDERED.

Dated: December 7, 2023
          New York, New York          _____
                                                          LEWIS J. LIMAN
                                                 United States District Judge